UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                                                CASE NO. _____

ASCENDA USA, INC., d/b/a 24-7
INTOUCH,

    Defendant.

_____/

**NOTICE OF REMOVAL**

Defendant Ascenda USA, Inc., d/b/a 24-7 Intouch ("Ascenda" or "Defendant"), under 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, hereby files this notice of the removal of this action to the United States District Court for the Middle District of Florida. As grounds for removal, Ascenda states as follows:

    **1.   State Court Action**

Brittany Williams ("Plaintiff") filed this action on May 10, 2019, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, styled *Brittany Williams v. Ascenda USA, Inc. d/b/a 24-7 InTouch*, and designated Case No. 19-003293-CI (the "Action"). *See* Tab A, Complete State Court file.

    **2.   Defendant's Receipt of Plaintiff's Complaint**

Copies of the Summons and Complaint were served on Defendant on May 20, 2019. *See* Tab A, Service of Process Receipt.

3.     **Nature of the Action**

In the Complaint, Plaintiff asserts claims of race discrimination and retaliation against Ascenda in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq. See* Tab A, Complaint at ¶ 1.  Plaintiff seeks compensation for lost wages, benefits, and other remuneration, reinstatement or front pay, any other compensatory damages, including emotional distress, punitive damages, and attorney's fees and costs.  *See id.* ¶¶ 43, 50, 55, 62, 69, 77.

4.     **Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

As demonstrated in Sections 5 through 7 below, this action is removable under 28 U.S.C. § 1441(a) because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction).  In addition, venue is proper in the Tampa Division of the Middle District of Florida, as demonstrated in Section 8 below.  Finally, this Notice of Removal is filed in a timely manner as discussed in Section 9 below.

### 5. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." If a complaint raises a colorable federal question, then the case may be removed to federal court under 28 U.S.C. § 1441.

Plaintiff's Complaint alleges violations of Title VII and Section 1981 and cites to 42 U.S.C. §2000e *et seq.*, U.S.C. §12101 *et seq.*, and U.S.C. §1981. *See* Tab A, Complaint at ¶ 1. Thus, the face of the Complaint clearly raises a federal question and removal is proper.

### 6. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

#### a. Diversity of Citizenship

First, Plaintiff is a Florida citizen for purposes of 28 U.S.C. § 1332(a). *See* Tab A, Compl. ¶ 3 ("Plaintiff is a resident of Pinellas County, Florida.").[1]

Second, for purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §

---

[1] "Under the diversity statute, . . . a person is a 'citizen of a state' if he or she is (1) a citizen of the United States and (2) a domiciliary of a state of the United States." *Gibbons v. Udaras na Gaeltachta*, 549 F. Supp. 1094, 1116 n.12 (S.D.N.Y. 1982); *see also* BLACK'S LAW DICTIONARY 244 (6th ed. 1990) (citing *Gibbons*).

1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Defendant was incorporated in Colorado.  *See* Tab B, Lloyd Decl. ¶ 4.  Defendant's headquarters, where its officers direct its activities, are located in Colorado.  *Id.* ¶ 5.  Therefore, Defendant is a citizen of Colorado.  Because Plaintiff is a citizen of Florida, the diversity requirement is satisfied.

### b. Amount in Controversy

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied."  *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount."  *Id.* at 770.  "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

In conducting the amount in controversy inquiry, a federal court is not limited to reviewing the allegations in the complaint.  *See, e.g.*, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the

complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.").[2] Thus, where a complaint seeks "unspecified damages" for categories such as "back pay, front pay, and compensatory and punitive damages," courts go beyond the complaint, and examine evidence such as affidavits to determine the amount in controversy. *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming district court's finding that the amount in controversy requirement was satisfied in age discrimination case under Alabama law, based on the defendant's submission of plaintiff's W-2s and an affidavit) (internal brackets omitted).

Furthermore, the amount in controversy is not determined by an allegation that the plaintiff seeks the minimum amount for state-court jurisdiction, but instead by what "a reasonable reading" of the complaint indicates the plaintiff could theoretically obtain if the allegations are true and the plaintiff wins at trial. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (holding that even though the complaint alleged merely the minimum "amount necessary for state circuit court jurisdiction," "a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed" the minimum for federal diversity jurisdiction).[3]

---

[2] *See also Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) ("[I]n practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal."); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982) (adopting the view that the removal inquiry "is not limited to the face of plaintiff's complaint," and that "the court may examine[] the record as a whole in determining the propriety of removal").

[3] *See also Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) ("[T]he amount in controversy[] reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable."); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994))).

While Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant, the amount in controversy requirement is satisfied because, under a reasonable reading of the Complaint, Plaintiff is seeking damages exceeding $75,000.  Plaintiff seeks, *inter alia*, (a) back pay; (b) front pay; (c) compensatory damages for emotional distress; (d) punitive damages; and (e) attorneys' fees.  The FCRA makes available "affirmative relief from the effects of the [discriminatory] practice, including back pay," as well as "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries," punitive damages, and reasonable attorneys' fees.  Fla. Stat. § 760.11(5).  The FCRA caps only punitive damages, which "shall not exceed $100,000." *Id.*

First, as of June 18, 2019—the day before removal—Plaintiff's back pay and front pay already exceeds $74,000.  *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14–cv–653, 2015 WL 225760, at *3-4 (M.D. Fla. Jan. 16, 2015) (holding that jurisdictional amount was satisfied in FCRA age discrimination case based on back pay, front pay, compensatory damages, punitive damages, and attorneys' fees); *Logsdon v. Duron, Inc.*, No. 3:05CV243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2015) (holding that amount in controversy requirement was satisfied based on "back pay," "compensatory, non-economic damages," and "front pay").  Plaintiff's compensation rate was $11.00 per hour.  Tab B, Lloyd Decl. ¶ 6.  Plaintiff's employment with Defendant ended on March 12, 2018.  *Id.* ¶ 7.  Based on an 8-hour day and a 40-hour workweek—except for the partial workweeks of March 12, 2018 (8 hours) and June 17-18, 2019 (16 hours)—Plaintiff's alleged back pay through June 18, 2019 amounts to $28,864, calculated as follows:

| Year | Weeks | Hours Per Week | Hourly Rate | Total per Week | Number of Weeks | Total per Year |
|---|---|---|---|---|---|---|
| 2018 | 03/12/2018 - 03/12/2018 | 8 | $11.00 | $88.00 | 1 | $18,128.00 |
| | 03/19/2018 - 12/28/2018 | 40 | $11.00 | $440.00 | 41 | |
| 2019 | 12/31/2018 - 06/14/2019 | 40 | $11.00 | $440.00 | 24 | $10,736.00 |
| | 06/17/2019 - 06/18/2019 | 16 | $11.00 | $176.00 | 1 | |
| **Total** | | | | | | **$28,864.00** |

Lloyd Decl. ¶ 8. Furthermore, "back pay may be calculated through the estimated date of trial." *Gonzalez v. Honeywell Int'l, Inc.*, No: 8:16–cv–3359, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (assuming a trial two years after removal). Here, a conservative estimate of a reasonable trial date is one year from removal. *See Wineberger*, 2015 WL 225760, at *3 & n.3 (identifying FCRA age and disability discrimination case as a Track Two case); M.D. Fla. L.R. 3.05(c)(2)(E) ("It is the goal of the court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint."). One more year (*i.e.*, 52 weeks) of back pay would add $22,880 to the amount in controversy. Accordingly, Plaintiff's alleged back pay as of the removal date is $51,744.

Second, "it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." *Gonzalez*, 2017 WL 164358, at *2.[4] A year (*i.e.*, 52 weeks) of front pay for Plaintiff would be another $22,880. Thus, Plaintiff's back pay and front pay of $74,624 nearly satisfies the jurisdictional amount by itself.

Third, Plaintiff seeks compensatory damages for emotional distress. In employment cases, compensatory damages for intangible mental and emotional distress have been awarded in amounts exceeding the minimum amount in controversy. *See*, *e.g.*, *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-1349 (11th Cir. 2000) (upholding award of $150,000 to employee for emotional distress and dignitary injury in FCRA age discrimination case). Thus, courts often find that where litigants, like Plaintiff here, seek compensatory damages for personal suffering, the minimum amount in controversy exists. *See, e.g.*, *Estevez-Gonzalez*, 606 F. Supp. at 129 (holding that amount in controversy requirement was satisfied where the "complaint alleges physical and mental pain"). As with Plaintiff's alleged back pay and front pay damages, the FCRA does not limit compensatory damages. Therefore, although Defendant denies that Plaintiff is entitled to any relief at all, the compensatory damages she seeks, in addition to the economic damages she seeks, satisfy the amount in controversy requirement for diversity jurisdiction.

Fourth, the punitive damages Plaintiff requests must be considered when determining the amount in controversy. *See, e.g.*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d

---

[4] The *Gonzalez* court pointed out that the availability of reinstatement instead of front pay "does not discredit Defendant's amount in controversy calculation" because "[r]einstatement is a form of equitable relief," and, "[f]or purposes of calculating the amount in controversy, the value of this relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Gonzalez*, 2017 WL 164358, at *2 n.2 (internal quotation marks omitted). The court concluded that the front pay calculation was "conservative" "[b]ecause the monetary value of reinstatement would likely equal or exceed that of a year's worth of front pay." *Id.*

1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.") (internal citations and footnote omitted); *Saadi v. Maroun*, No. 8:07-cv-1976, 2009 WL 3736121, at *1 (M.D. Fla. Nov. 4, 2009) ("It is well established that attorney's fees and punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy." (internal quotation marks omitted)). Although Defendant specifically denies that Plaintiff would be entitled to recover any punitive damages, up to $100,000 in punitive damages are available under the FCRA. *See* Fla. Stat. § 760.11(5). This amount suffices to satisfy the amount in controversy requirement. *See Ryan v. State Farm Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that court had jurisdiction because the plaintiff requested $100,000 in punitive damages, and "it is possible for a jury to award this much in punitive damages under Georgia law").

And fifth, in the Eleventh Circuit, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The FCRA provides a statutory basis for recovery of reasonable attorneys' fees. *See* Fla. Stat. § 760.11(5). Accordingly, Plaintiff's request for attorneys' fees under the FCRA further establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

In sum, because the amount in controversy exceeds $75,000 and the action is between citizens of different states—Plaintiff being a Florida citizen, and Defendant being a citizen of Colorado—the district court has original jurisdiction under 28 U.S.C. § 1332(a), and Defendant may remove this case to this Court under 28 U.S.C. § 1441(a).

### 7. Supplemental Jurisdiction

In addition to violations of Title VII and Section 1981, Plaintiff also alleges violations of the FCRA for allegedly being discriminated and retaliated against due to her race. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's FCRA violations are based on the same allegations as her Title VII and Section 1981 violations and this Court should exercise supplemental jurisdiction over the FCRA claims. *Quitto v. Bay Colony Golf Club, Inc.*, 2:06CV286FTM29DNF, 2006 WL 2598705, at *2 (M.D. Fla. Sept. 11, 2006) (exercising supplemental jurisdiction over the FCRA claims where the court found original jurisdiction existed as to other claims in the complaint); *Kolczynski v. United Space All.*, No. 604CV716ORL18KRS, 2006 WL 8439471, at *1 (M.D. Fla. Apr. 19, 2006) ("This Court has federal question jurisdiction over the federal [Title VII and Section 1981] claims . . . . It exercised supplemental jurisdiction over the state-law claims . . . .").

### 8. Venue

The state court case was brought in Pinellas County Circuit Court. Therefore, the Tampa Division of the United States District Court for the Middle District of Florida is the judicial district embracing the place where the state court action is pending. *See* 28 U.S.C. §§ 1441(a) (stating that an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending") and 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in

the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."). Therefore, this is the proper district court and division to which this case should be removed.

### 9. Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since Defendant was served with Plaintiff's Complaint on May 20, 2019.

### 10. State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State Court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Tab A. Further, pursuant to 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached at Tab C.

Dated this 19th day of June, 2019.

Respectfully submitted,

*/s/Mark E. Zelek*
Mark E. Zelek
  Florida Bar No. 667773
  Email: mark.zelek@morganlewis.com
Franco D. Bacigalupo
  Florida Bar No. 0119055
franco.bacigalupo@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL  33131-2339
Telephone:  305.415.3303
eFacsimile:  877.432.9652

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19th, 2019, I served the foregoing document via electronic mail on all counsel of record or parties on the Service List below.

> */s/ Mark E. Zelek*
> Mark E. Zelek

## SERVICE LIST

Patrick K. Elliott, Esq.
The Law Office of Patrick K. Elliott, PLLC
100 S. Ashley Drive, Suite 600
Tampa, Florida  33602
Email:  elliottp@employmentandconsumerlaw.com
Email:  murrayd@employmentandconsumerlaw.com

*Attorney for Plaintiff*