Case Number:19-003293-CI

Filing # 89352036 E-Filed 05/10/2019 10:43:46 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

    Plaintiff,

v.

    CASE NO.:

    DIVISION:

**ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, ASCENDA USA, INC. D/B/A 24-7 INTOUCH ("Defendant"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. Venue is proper in Pinellas County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Pinellas County, Florida.

4. Defendant is a foreign business organized under the laws of Colorado and operates a call center in Clearwater, Pinellas County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

11. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

12. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

13. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

14. Plaintiff began working for Defendant as a Customer Service Representative on or about September 2017, and she worked in this capacity until February 2018.

15. Plaintiff is an African American woman.

16. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII.

17. During her tenure with Defendant, Plaintiff satisfactorily performed the duties of her position in a competent manner.

18. Nevertheless, Defendant subjected Plaintiff to unlawful discrimination because her race and gender and retaliated against her because of her complaints of discrimination.

19. During her employment, Defendant frequently targeted Plaintiff because of her race and gender and denied Plaintiff the same terms and conditions of employment that were afforded to Defendant's Caucasian employees.

20. Throughout her employment with Defendant, Plaintiff made several internal complaints about her supervisor's discriminatory treatment. However, Defendant failed to take remedial action.

21. For example, on or about September 2017, Plaintiff asked her Caucasian supervisor for assistance. Defendant's supervisor refused to consider Plaintiff's request for help and instead gave assistance to a Caucasian male.

22. Additionally, Plaintiff also observed that Defendant's supervisor refused to take calls from any customer who did not seem or sound white, during her employment.

23. That same supervisor would frequently touch Plaintiff on her shoulders and upper body and also scream in Plaintiff's face. Plaintiff told Defendant's supervisor that she was uncomfortable with the touching and screaming and asked Defendant's supervisor to stop.

24. Defendant's supervisor knew that Plaintiff was uncomfortable with the touching and screaming and refused to stop. Additionally, Defendant's supervisor began taking frivolous disciplinary action against Plaintiff because of her complaints.

25. Plaintiff then informed Defendant of the supervisor's actions, however no remedial action was taken. Instead, Plaintiff was told to stay away from that supervisor, even though she was not in a position to avoid it.

26. On another occasion, Plaintiff complained to Defendant a third time about the discrimination she was subjected to.

27. Instead of taking remedial actions, Defendant sent Plaintiff home from work as punishment for her complaints about discrimination.

28. Finally, on or about December 2017, Plaintiff went to Defendant's Human Resources ("HR") department and complained about the discrimination that Plaintiff, and Defendant's customers and prospective customers, were subjected to on a frequent basis.

29. Instead of taking remedial actions, Defendant's HR representative took Plaintiff outside and told her that when she was younger, Caucasians would throw rocks at African Americans and to basically disregard the blatant and obvious discrimination Plaintiff was subjected to on a frequent basis.

30. Shortly thereafter, Defendant subjected Plaintiff to formal written disciplinary action in retaliation for her complaints.

31. Defendant also took frivolous and pretextual disciplinary action against Plaintiff on at least two (2) other occasions after her complaints of discrimination.

32. Defendant further retaliated against Plaintiff because of her complaints about discrimination to Defendant's HR representative. After making the complaint, Defendant removed Plaintiff from the day shift and transferred her to the night shift. Plaintiff was originally hired to work the day shift.

33. Additionally, Defendant had a "wild card" program. Under Defendant's incentive program, if an employee took a call that was considered a "wild call" then that employee would receive a beauty bag.

34. Plaintiff took a wild call and was entitled to the beauty bag. Defendant refused to give Plaintiff her beauty bag even though Defendant regularly gives these bags to other employees as part of its program.

35. Plaintiff repeatedly asked Defendant for her earned prize, yet she was given the run around and never received it.

36. Finally, on or about February 2018, Plaintiff again complained about the discrimination she was subjected to and told Defendant's HR representative. Defendant's HR representative told Plaintiff that she would speak to the supervisor.

37. Instead, approximately one week later, Defendant retaliated against Plaintiff because of her complaints about racial discrimination by terminating Plaintiff's employment

## COUNT I – TITLE VII VIOLATION
### (DISCRIMINATION)

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under Title VII.

40. As a result of Defendant's aforementioned conduct, Plaintiff was subjected to disparate treatment on the basis of her race.

41. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under Title VII.

46. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the Title VII by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

48. Defendant's actions were willful and done with malice.

49. Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

(d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g) Front pay;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

(k) All costs and attorney's fees incurred in prosecuting these claims; and

(l) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
## (DISCRIMINATION)

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class under the FCRA.

53. Plaintiff was subjected to disparate treatment on account of her race as a result of Defendant's aforementioned conduct.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

56. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class under the FCRA.

58. Plaintiff engaged in protected activity under the FCRA by frequently opposing Defendant's aforementioned discriminatory actions against Plaintiff.

59. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

60. Defendant's actions were willful and done with malice.

61. Defendant took material adverse action against Plaintiff as Defendant subjected Plaintiff to different terms and conditions of employment and terminated Plaintiff's employment.

62. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

### COUNT V – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

63. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

64. Plaintiff is a member of a protected class of persons under Section 1981.

65. As a result of its aforementioned conduct, Defendant subjected Plaintiff to disparate treatment solely because of Plaintiff's race.

66. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

67. Defendant's actions were willful and done with malice.

68. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

69. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT VI — 42 U.S.C. § 1981 VIOLATION (RETALIATION)

70. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

71. Plaintiff is a member of a protected class of persons under Section 1981.

72. Plaintiff frequently engaged in protected activity under Section 1981 by opposing Defendant's discriminatory conduct.

73. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 when it subjected Plaintiff to different terms and conditions of employment and terminated her employment.

74. Defendant's actions were willful and done with malice.

75. Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section

1981.

76. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

77. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of May, 2019.

Respectfully submitted,

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
Email: elliottp@employmentandconsumerlaw.com
Email: murrayd@employmentandconsumerlaw.com
*Attorney for Plaintiff*