Filing # 89352036 E-Filed 05/10/2019 10:43:46 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT,
IN AND FOR PINELLAS COUNTY, FLORIDA

Case No.:_____
Judge: _____

Brittany Williams
Plaintiff

vs.

Ascenda USA, INC.
Defendant

---

### II.    TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

---

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
      ☒   Monetary;
      ☒   Non-monetary declaratory or injunctive relief;
      ☒   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (     )**
    (Specify)

    <u>6</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐   Yes
      ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒   No
      ☐   Yes – If "yes" list all related cases by name, case number and court:

    <u>None</u>

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒   Yes
      ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Patrick K. Elliott</u>     FL Bar No.: <u>1000970</u>
      Attorney or party                                (Bar number, if attorney)

    <u>Patrick K. Elliott</u>     <u>05/10/2019</u>
      (Type or print name)                              Date

Filing # 89352036 E-Filed 05/10/2019 10:43:46 PM

## IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

**BRITTANY WILLIAMS,**

      **Plaintiff,**

                                 **CASE NO.:**

**v.**

                                 **DIVISION:**

**ASCENDA USA, INC.**
**D/B/A 24-7 INTOUCH,**

      **Defendant.**

_____/

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Request for Production, First Set of Interrogatories, Notice of Taking Corporate Representative Deposition and Designation of Email in this action on defendant:

**ASCENDA USA, INC**
**C/O REGISTERED AGENT SOLUTIONS, INC.**
**155 OFFICE PLAZA DR.**
**SUITE A**
**TALLAHASSEE, FL 32301**

      Each defendant is required to serve written defenses to the complaint or petition on Patrick K. Elliott, plaintiff's attorney, whose address is Law Office of Patrick K. Elliott 100 S. Ashley Drive, Suite 600, Tampa FL 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
DATED on 10th day of May, 2019.    MAY 13 2019

| Printed: Patrick K. Elliott | **KEN BURKE** |
|---|---|
| Attorney for Plaintiff<br>Address: Law Office of Patrick K. Elliott<br>100 S. Ashley Drive, Suite 600<br>Tampa FL 33602<br>Florida Bar No. : 100970 | As Clerk of the Court<br><br>By: _alicia grietz_<br>As Deputy Clerk<br>(727) 464-7000 |

---

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court, 315 Court Street, Clearwater, FL 33756, (727) 464-7000 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711.

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 90125031 E-Filed 05/24/2019 06:51:43 PM

## RETURN OF SERVICE

| State of Florida | County of Pinellas | Circuit Court |
|---|---|---|

Case Number: 19-003293-CI

Plaintiff:
**Brittany Williams**

vs.

Defendant:
**ASCENDA USA. INC. D/B/A 24-7 Intouch**

For:
Patrick Elliott
Law Office Of Patrick K. Elliott
100 S. Ashley Drive Ste 600
Tampa, FL 33602

Received by Claims Confirmation Specialists on the 18th day of May, 2019 at 7:19 am to be served on **ASCENDA USA INC. C/O REGISTERED AGENT SOLUTIONS INC., 115 Office Plaza Drive Suite A, Tallahassee,, FL 32301.**

I, Christopher Compton, do hereby affirm that on the **20th day of May, 2019 at 12:30 pm, I:**

SERVED the within named corporation by delivering a true copy of the  Summons and Complaint, Plaintiffs First Request for Production of Documents to Defendant, Plaintiffs Notice of Service of First Set of Interrogatories to Defendant, Plaintiffs Notice of Taking Corporate Representatives Deposition with the date and hour of service endorsed thereon by me to: MARYCATE DUNCAN as employee of the Registered Agent (Company) for ASCENDA USA INC. C/O REGISTERED AGENT SOLUTIONS INC. at 115 Office Plaza Drive Suite A, Tallahassee,, FL 32301 and informed said person of the contents therein, pursuant to F.S. 48.081.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true.  Notary not required pursuant to FL Statute 92.525 Sec (2).

Christopher Compton
Certified Process Server # 101

**Claims Confirmation Specialists**
**309 Jeanal Place**
**Tampa, FL 33612**
**(813) 931-8599**

Our Job Serial Number: SUL-2019000151

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0n



Filing # 90124443 E-Filed 05/24/2019 06:29:35 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY WILLIAMS,

       Plaintiff,

                                         CASE NO.:

v.

                                         DIVISION:

ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,

       Defendant.

_____/

## NOTICE OF DESIGNATION OF E-MAIL
## ADDRESSES FOR SERVICE OF COURT DOCUMENTS

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, files this Notice of Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used for service of all court filings in this action: elliottp@employmentandconsumerlaw.com and murrayd@employmentandconsumerlaw.com.

Dated this 24th day of May, 2019.

                                      Respectfully submitted,

                                      /s/ Patrick K. Elliott
                                      PATRICK K. ELLIOTT
                                      Florida. Bar Number: 1000970
                                      THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC
                                      100 S. Ashley Drive, Suite 600
                                      Tampa, FL 33602
                                      Direct Dial: (813) 379-3090
                                      Facsimile:  (813) 261-3542
                                      E-mail: elliottp@employmentandconsumerlaw.com
                                      Email: dmurray@ employmentandconsumerlaw.com
                                      *Attorney for Plaintiff*

Filing # 90124942 E-Filed 05/24/2019 06:45:35 PM

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

**BRITTANY WILLIAMS,**

     **Plaintiff,**

                                        **CASE NO.:**

**v.**

                                        **DIVISION:**

**ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,**

     **Defendant.**

_____/

**PLAINTIFF'S NOTICE OF SERVICE OF
FIRST SET OF INTERROGATORIES TO DEFENDANT**

     Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), propounds the following Interrogatories

to Defendant, ASCENDA USA, INC. d/b/a 24-7 INTOUCH ("Defendant"), to be answered in

writing, under oath and in accordance with the Florida Rules of Civil Procedure.

     Dated this 10th day of May, 2019.

                           Respectfully submitted,

                           /s/ Patrick K. Elliott
                           **PATRICK K. ELLIOTT**
                           Florida. Bar Number: 1000970
                           **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
                           100 S. Ashley Drive, Suite 600
                           Tampa, FL 33602
                           Direct Dial: (813) 379-3090
                           Facsimile:   (813) 261-3542
                           E-mail: elliottp@employmentandconsumerlaw.com
                           Email: dmurray@ employmentandconsumerlaw.com
                           *Attorney for Plaintiff*

***ELECTRONICALLY FILED 05/24/2019 06:45:34 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**

Filing # 90124942 E-Filed 05/24/2019 06:45:35 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

        **Plaintiff,**

**v.**                                **Case No.:**

                                     **Division:**

**ASCENDA USA, INC.**
**D/B/A 24-7 INTOUCH,**

        **Defendant.**

_____/

**PLAINTIFF'S NOTICE OF TAKING**
**CORPORATE REPRESENTATIVE DEPOSITION**

      **PLEASE TAKE NOTICE** that Counsel for Plaintiff, BRITTANY WILLIAMS

("Plaintiff"), will take the deposition of the Corporate Representative(s) of Defendant,

ASCENDA USA, INC. D/B/A 24-7 INTOUCH ("Defendant"), on the date, time, and location

stated below, such deposition to continue from day to day until completed:

| NAME | DATE/TIME | LOCATION |
|---|---|---|
| CORPORATE REPRESENTATIVE TO BE DESIGNATED BY DEFENDANT | [Date] At [time] a.m. | [Address] |

      Before a court reporter, notary public, or before a duly assigned representative, who is

not of counsel to the parties or interested in the events of this cause.

      Defendant is required to designate one or more corporate representatives or individuals to

testify about information known or reasonably available to Defendant on the following subjects:

      1.      The job duties and job description of Plaintiff during any period that Plaintiff was
employed by Defendant.

2.      The process used by Defendant to collect documents for production to Plaintiff in response to Plaintiff's Requests for Production of documents, including but not limited to searches and production from Defendant's electronic mail system.

3.      Plaintiff's job performance.

4.      Plaintiff's dates of employment, job titles, and job duties.

5.      Any compliment, award, or commendation given to Plaintiff during her employment with Defendant.

6.      Any written or oral reprimand, warning, or caution given to, or concerning Plaintiff, during Plaintiff's employment with Defendant.

7.      The factual basis for all defenses raised by Defendant in this matter.

8.      Any contention by Defendant that Plaintiff's job performance was unsatisfactory.

9.      Defendant's policies and procedures regarding employee discipline.

10.     Defendant's policies and procedures regarding retaliation.

11.     Defendant's policies and procedures regarding discrimination.

12.     Defendant's policies and procedures regarding any identification of employees on the basis of race.

13.     The racial composition of Defendant's workforce at the location where Plaintiff worked for years 2014 through 2019.

14.     Defendant's compliance with state and federal laws pertaining to the compilation, recording, and preservation of forms prompting an employee's self-identification on the basis of race, including, but not limited to, EEO-1 Survey Forms and similar forms regardless of their origin.

15.     All applicable insurance coverage.

16.     Confirmation and details relating to any response provided by Defendant to Plaintiff's First Set of Interrogatories.

17.     Any documents produced in response to Plaintiff's First Request for Production of Documents.

18.     Defendant's records regarding Plaintiff's work performance, including e-mails or telephone messages.

19.    Defendant's rationale for terminating Plaintiff's employment.

20.    The identity of all persons who participated in the decision to terminate Plaintiff's employment, including the input given by each person.

21.    The identity of all persons who fell within the same protected category as Plaintiff under Section 1981 on account of their race, worked at the same facility where Plaintiff was employed between 2014 and the present, and whose employment was terminated by Defendant, including the reasons given for each termination.

22.    Any internal complaints of discrimination made by Plaintiff, or other employees of Defendant who worked at the same location as Plaintiff, during Plaintiff's employment with Defendant, as well as Defendant's response to each internal complaint.

23.    All statements made to Plaintiff by Defendant, when Plaintiff was informed that her employment had been terminated.

24.    Any communications, including e-mails, exchanged between Plaintiff and Defendant in relation to Plaintiff's complaints of discrimination in the workplace.

25.    The identity of all persons who, from 2014 to the present, worked at the same facility where Plaintiff was employed and filed internal or external complaints of discrimination against Defendant.

26.    The training and qualifications of Plaintiff's supervisors, with respect to workplace discrimination and retaliation.

27.    All lawsuits, charges, or complaints brought against Defendant within the past ten years for alleged violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, or the Florida Civil Rights Act of 1992.

Upon oral examination pursuant to the Florida Rules of Civil Procedure, before a court reporter or any other notary public or officer authorized by law to take depositions. Said deposition(s) will be taken for the purposes permitted by the rules governing the conduct of the case.

Dated this 10th day of May 2019.

Respectfully submitted,

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**

Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: dmurray@ employmentandconsumerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**

Filing # 90124942 E-Filed 05/24/2019 06:45:35 PM

### IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
### IN AND FOR PINELLAS COUNTY, FLORIDA
### CIVIL DIVISION

**BRITTANY WILLIAMS,**

     **Plaintiff,**

v.                         **Case No.:**

                                 **Division:**

**ASCENDA USA, INC.**
**D/B/A 24-7 INTOUCH,**

     **Defendant.**

_____/

### PLAINTIFF'S FIRST REQUEST FOR
### <u>PRODUCTION OF DOCUMENTS TO DEFENDANT</u>

       Plaintiff, BRITTANY WILLIAMS (hereinafter "Plaintiff"), by and through undersigned

counsel and in accordance with the Florida Rules of Civil Procedure, hereby requests that

Defendant, ASCENDA USA, INC. D/B/A 24-7 INTOUCH (hereinafter "Defendant"), diligently

and carefully search for, inquire after, and produce for inspection and copying the documents

identified below, regardless of their origin:

### <u>I. INSTRUCTIONS</u>

       1.     Defendant shall produce these documents within **forty-five (45) days** after service

of this request.

       2.     In accordance with the Florida Rules of Civil Procedure, Defendant is hereby

instructed to produce documents as they are kept in the ordinary course of business, or to

organize and label documents so that they correspond with the categories in this request. In

addition, all documents are to be produced in full and unexpurgated form. Redacted documents

will not be deemed to comply with this request.

       3.     If any document described in this request was, but no longer is, in Defendant's

possession, custody, or control, please state whether the document:

(a)     is missing or lost;
(b)     has been destroyed;
(c)     has been transferred, voluntarily or involuntarily, to others; or
(d)     has otherwise been disposed of.

In each instance, please explain the circumstances surrounding the document's disposition, identify the person or persons authorizing the disposition, and list the date on which the document was so disposed. Please identify each document by listing the following information: Name and address of the author of the document; the nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.); date on which the document was created; subject matter of the document; present location(s) of the document; custodian (s); and whether the document (or a copy) is still in existence.

4.      If any requested document is believed to be privileged, or for some other reason may not be subject to production, please provide the following information:

(a)     The nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.);
(b)     Its date of creation;
(c)     The name and address of its author; or,
(d)     The identity of each recipient and addressee of the original document;
(e)     The identity of all other persons who received copies of the document;
(f)     The subject matter of the document; and
(g)     The reason(s) for non-production, including all legal grounds.

5.      This request for production is a continuing one. Supplementation of responses to this request shall be made in accordance with the Florida Rules of Civil Procedure.

## II. DEFINITIONS

Whenever used in this request, the following definitions shall apply:

1.      "*Plaintiff*" means BRITTANY WILLIAMS and all of her agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of her, regardless of whether they are authorized to do so.

2.      "*Defendant*" or "*You*" and "*your*" shall mean or refer to ASCENDA USA, INC. D/B/A 24-7 INTOUCH, and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.      If this request is directed to a natural person, then "Defendant" shall refer to the natural person named in the request.

4.      The term "*document*" is used in the broadest sense that the Florida Rules of Civil Procedure permit. Specifically, "*document*" includes, but is not limited to, all writings of any nature or type whatsoever, whether they contain written or graphic material, which are within the

possession, custody, or control of the Defendant, or of any agent, employee, or representative (including, without limitation, attorneys, advisors, physicians, consultants, and accountants) or other person acting or purporting to act for or on behalf of Defendant, or in concert with them, including, but not limited to: Letters, tape recordings, notes, affidavits, contracts, agreements, communications, correspondence, telegrams, telexes, cables, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, shipping documents, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records, appraisals, records, checks, check stubs, employment materials, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, and advertisements.

The term "*document*" also includes electronically recorded information, such as electronic mail ("email"), html files, databases, data processing tapes and cards, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

"*Documents*" shall also include copies of documents (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies), including non-identical copies, regardless of whether they differ from the original because of any alteration, notes, comments, or other material contained therein or attached thereto, or for another reason.

For the purpose of the foregoing, "*draft*" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, regardless of whether such draft was superseded by a later draft, or the terms of the draft differ from those of the final document. The term "*copies*" means all copies of a document, including those copies that are not identical in every respect to the documents being produced.

The terms "*document*" and "*documents*" also include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.      "*Metadata*" means the data found within documents. It includes all electronically stored information that describes or defines the document that is not generally visible in the ordinary electronic display or printing of the document. Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to,

records of past versions and drafts.

      6.      "***Native format***," as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application. For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe Acrobat document has a native format of .pdf.

      7.      "***Relating to***" means regarding, supporting, tending to support, refuting, tending to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

      8.      "***And/or***" shall be construed conjunctively and disjunctively, so as to demand and elicit the broadest possible response to a particular inquiry.

      9.      "***Complaint***" means the original complaint that was filed in this action, as amended through the date of this request.

## III. MANNER OF COMPLIANCE WITH RULES

In accordance with the Florida Rules of Civil Procedure, Plaintiff hereby designates a reasonable time, place, and manner for Defendant to make the requested documents available for inspection:

<u>**Due Date:**</u>   **Forty-five (45) days** after service of this request.

<u>**Place:**</u>   The Law Office of Patrick K. Elliott, PLLC, 100 S. Ashley Drive, Suite 600, Tampa, FL 33602, or any other place that the Parties can mutually agree upon.

<u>**Inspection:**</u>   Originals, drafts, and non-identical copies of all the requested documents shall be produced for inspection by Defendant's counsel at the time and place specified above. In the alternative, Defendant may provide true and accurate copies of all requested items via United States Mail.

## IV. DOCUMENTS TO BE PRODUCED

1.     Please produce all documents identified in your answers to Plaintiff's Interrogatories.

2.     Please produce all documents relied upon as a basis for responding to Plaintiff's Interrogatories.

3.     Please produce any and all documents supporting in any manner whatsoever the defenses and affirmative defenses raised in your Answer to the Complaint.

4.     Please produce all documents which support your denial of any of the allegations in the Complaint.

5.     Please produce any and all documents relating to the terms and conditions of Plaintiff's employment with Defendant, including all company policies, personnel manual(s), employee handbook(s), and any employment agreement entered into by Plaintiff and Defendant.

6.     Please produce Plaintiff's entire personnel file, including any and all documents and writings that were used to determine Plaintiff's qualifications for employment, transfers, salary, raises, pension eligibility, termination, or any other disciplinary action.

7.     Please produce any and all documents that memorialize and/or record Plaintiff's employment and work performance.

8.     With respect to any lawsuit filed against Defendant after 2009 relating to violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, as amended ("Title VII," 42 U.S.C. §2000e *et seq.*), or the Florida Civil Rights Act of 1992, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

9.     Please produce any employment agreements, correspondence, and documents pertaining to any person, corporation, or entity retained by Defendant to act as an expert witness, advisor, or consultant in the above-styled case.

10.     Please produce a list of qualifications and a current resume for each expert witness, advisor, or consultant retained by Defendant in the above-styled case.

11.     Please produce all documents pertaining to any internal complaints of discrimination made by employees of Defendant who worked at the same facility as Plaintiff within the past five years and include Defendant's responses to those internal complaints.

12.     Please produce any and all complaints relating to Plaintiff's work performance, as well as any warning notices issued to Plaintiff by Defendant in response to such complaints.

13.     Please produce any and all documents, letters, and memoranda describing, summarizing, or referring to any conversations between Plaintiff and any past or present employee, officer, or director of Defendant, pertaining either to Plaintiff's job performance or to

any of Plaintiff's allegations in the instant proceeding.

14.     Please produce all documents that reference, in any manner whatsoever, the reasons that Plaintiff's employment was terminated on or around February 2018.

15.     Please produce all personnel files of Plaintiff's supervisors and/or decision makers in this case, including, but not limited to, the entire personnel file for Plaintiff's supervisors and managers.

16.     Please produce any and all employee records containing any form memorializing an employee's self-identification on the basis of his or her race, such as an EEO-1 Survey Form or any other similar form regardless of its origin, compiled, kept, or preserved by Defendant for years 2014 through 2019.

17.     Please produce any and all employee rosters kept by Defendant for the location where Plaintiff worked for years 2014 through 2019.

18.     Please produce any and all internal documents created, kept, or preserved by Defendant for years 2014 through 2019, containing information identifying the race of any employee who worked for Defendant at the same location as Plaintiff.

19.     Please produce any and all job descriptions, specifications, or other documents that describe or otherwise relate to the functions and/or job duties performed by Plaintiff during the course of Plaintiff's employment with Defendant.

20.     Please produce Defendant's code of ethics and related policies that were in force during Plaintiff's employment.

21.     Please produce Defendant's policy and procedures concerning employee discipline that were in force during Plaintiff's employment with Defendant.

22.     Please provide all documents memorializing Defendant's policies on equal opportunity employment, workplace discrimination, dispute resolution, disciplinary action, and employee performance evaluations.

23.     Please produce all text messages, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

24.     Please produce all e-mails, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

25.     Please produce any and all documents submitted to an administrative agency related to Plaintiff's employment with Defendant, including documents submitted to the United States Equal Employment Opportunity Commission.

26.     Please produce Defendant's financial statements, bank statements, and income tax

returns from fiscal year 2016 until the present.

27.   Please produce Defendant's balance statement and income statement for each year beginning with fiscal year 2016 until the present.

28.   Please produce all records which document any efforts made by Defendant to inquire into Plaintiff's background, including but not limited to financial records, criminal history, employment records, and litigation records.

29.   Please produce all applicable insurance policies.

30.   Please produce all documents listing all contacts with Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

31.   Please produce all documents that were generated in connection with any complaint or contact made by an employee to Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

32.   Please produce all records listing contact information for all persons who were considered by Defendant for the position held by Plaintiff after Plaintiff was terminated from employment.

33.   If the employment relationship with the defendant has ended, please produce any COBRA notices that were sent to the plaintiff and/or others entitled to notice under COBRA and a copy of the company's process and procedure for preparation and transmission of COBRA notices.

Dated this 10th day of May, 2019.

Respectfully submitted,

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:  (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: dmurray@ employmentandconsumerlaw.com
*Attorney for Plaintiff*

- 8 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**

Filing # 90834259 E-Filed 06/10/2019 01:54:58 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY WILLIAMS,

      Plaintiff,

                                        CASE NO.:   19-003293-CI

v.

                                        DIVISION:

ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,

      Defendant.

_____/

## PLAINTIFF'S MOTION FOR CLERK'S DEFAULT

      Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel,

hereby moves for entry of a Default by the Clerk against Defendant, ASCENDA USA, INC.

d/b/a 24-7 INTOUCH ("Defendant"), for failure to serve any paper on the undersigned or file

any paper as required by law.

      Dated this 10th day of June, 2019.

                                    Respectfully Submitted,

                                    /s/ Patrick K. Elliott_____
                                    **PATRICK K. ELLIOTT**
                                    Florida. Bar Number: 1000970
                                    **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
                                    100 S. Ashley Drive, Suite 600
                                    Tampa, FL 33602
                                    Direct Dial: (813) 379-3090
                                    Facsimile:  (813) 261-3542
                                    E-mail: elliottp@employmentandconsumerlaw.com
                                    Email: dmurray@ employmentandconsumerlaw.com
                                    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of June, 2019, the foregoing was electronically filed using the Florida Courts E-Filing Portal system. I further certify that I mailed a true and accurate copy of the foregoing document and the notice of electronic filing by first-class mail to the following non- E-Filing Portal participants

> Ascenda USA, Inc. d/b/a 24-7 INTOUCH
> c/o Registered Agent Solutions, Inc., Registered Agent
> 155 Office Plaza Dr.
> Suite A
> Tallahassee, FL 32301

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**

Filing # 90869729 E-Filed 06/10/2019 08:16:20 PM

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

**BRITTANY WILLIAMS,**

      **Plaintiff,**

                                   **CASE NO.:19-003293-CI**

**v.**

                                   **DIVISION:**

**ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,**

      **Defendant.**

_____/

### PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR CLERK'S DEFAULT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, hereby moves this Honorable Court to allow Plaintiff to withdraw Plaintiff's Motion for Clerk's Default" that was filed on June 10, 2019 against Defendant, ASCENDA USA, INC. d/b/a 24-7 INTOUCH ("Defendant"). In support of this motion, Plaintiff states as follows:

1.      On May 10, 2019, Plaintiff initiated this action against Defendant for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title V11"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2.      Plaintiff's Answer was due on or about June 9, 2019, and as such, Plaintiff filed her Motion for Clerk's Default on May 10, 2019. However, Counsel for Defendant had previously reached out to Plaintiff's Counsel and asked for a twenty (20) day extension of time to respond to Plaintiff's Complaint.

3.      Plaintiff's Counsel did not oppose Defendant's request for an extension.

4.      Unfortunately, due to clerical error, Plaintiff's Counsel mistakenly filed the Motion for Clerk's Default on June 10, 2019.

5.      Plaintiff respectfully requests that this Court allow Plaintiff to withdraw her Motion for Clerk's Default.

6.      Plaintiff's Counsel will promptly inform Defendant of the Motion for Clerk's Default that was filed and the Motion to Withdraw the Motion for Clerk's Default that was filed the same day.

7.      No parties will be prejudiced by the relief sought in Plaintiff's Motion. A copy of the proposed order is attached as Exhibit "A".

Dated this 10th day of June, 2019.

Respectfully Submitted,


/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**The Law Office of Patrick K. Elliott, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:  (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: dmurray@ employmentandconsumerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of June, 2019, the foregoing was electronically filed using the Florida Courts E-Filing Portal system and that a true and accurate copy will be sent via first-class mail and electronic mail to the following non- E-Filing Portal participants.  Furthermore, I certify I will notify Counsel for Defendant of the filings.

        Ascenda USA, Inc. d/b/a 24-7 INTOUCH
        c/o Registered Agent Solutions, Inc., Registered Agent
        155 Office Plaza Dr.
        Suite A
        Tallahassee, FL 32301

                    /s/ Patrick K. Elliott
                    **PATRICK K. ELLIOTT**

# EXHIBIT A

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

**BRITTANY WILLIAMS,**

     **Plaintiff,**

                                       **CASE NO.:19-003293-CI**

**v.**

                                       **DIVISION:**

**ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,**

     **Defendant.**

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW PLAINTIFF'S MOTION FOR DEFAULT

THIS CAUSE is before the Court on Plaintiff's Motion to Withdraw Plaintiff's Motion for Entry of Clerk's Default. Upon consideration, the Court finds that the Motion is due to granted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Withdrawal of Plaintiff's Motion for Entry of Clerk's Default is granted.

**DONE AND ORDERED** in Chambers, at Pinellas County, Florida this _____ day of June, 2019.

                                      _____

                                      **PATRICIA ANN MUSCARELLA**
                                      Circuit Judge

Copies furnished to:
All Counsel of Record

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY WILLIAMS,

     Plaintiff,

v.

                           CASE NO.:   19-003293-CI

                           DIVISION:

ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,

     Defendant.

_____/

## DEFAULT

A default is entered in this action against Defendant for failure to serve or file a response

JUN 12 2019

or any paper as required by law.

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165    **CLERK OF THE CIRCUIT COURT**

By: _____

         Deputy Clerk

# Morgan Lewis

**Franco D. Bacigalupo**
Labor & Employment Associate
+1.305.415.3304
franco.bacigalupo@morganlewis.com

June 13, 2019

**Via JUDICIAL AUTOMATED WORKFLOW SYSTEM**

The Honorable Patricia A. Muscarella
315 Court Street
Room 410
Clearwater, FL 33756

Re:   Brittany Williams v. Ascenda USA, Inc. d/b/a 24-7 Intouch
      Case No. 19-003293-CI

Dear Judge Muscarella:

I am writing to you on behalf of our client, Ascenda USA, Inc. d/b/a 24-7 Intouch ("Ascenda"). The Complaint in the above-referenced matter was served on Ascenda on May 20, 2019, resulting in a pleading deadline of June 9, 2019. *See* Dkt. Entry 4. Plaintiff's counsel, however, agreed to a twenty-day extension, up to and including June 29, 2019, for Ascenda to respond to the Complaint. *See* Emails between counsel, attached as Exhibit A. Despite agreeing to this extension, Plaintiff moved for entry of clerk's default on June 10, 2019, following a clerical error. *See* Dkt. Entries 9, 10. Upon realizing the error, that same day Plaintiff's counsel filed a Motion to Withdraw Motion for Clerk's Default. *See* Dkt. Entry 9. Notwithstanding Plaintiff's Motion to Withdraw, the Clerk entered default against Ascenda on June 12, 2019. *See* Dkt. Entry 11.

On June 12, 2019, Plaintiff's counsel sent a letter to Judge Muscarella, explaining the circumstances and requesting for the Court to enter a proposed order withdrawing the Clerk's default. *See* Plaintiff's Letter to Judge Muscarella, attached as Exhibit B. Plaintiff's counsel's request was rejected, however, for failing to submit an agreed order vacating the clerk's default. *See* Judicial Automated Workflow System notification, attached as Exhibit C.

Accordingly, please find an agreed order vacating the clerk's default, attached for your consideration as Exhibit D. Plaintiff's counsel's agreement with the order is attached as Exhibit E.

In light of the foregoing, the undersigned counsel respectfully requests for Judge Muscarella to enter the agreed order vacating the clerk's default. Please do not hesitate to contact me should any questions arise.

Sincerely,

Franco D. Bacigalupo

**Morgan, Lewis & Bockius LLP**

200 South Biscayne Boulevard
Suite 5300
Miami, FL 33131-2339            📞 +1.305.415.3000
United States                   📠 +1.305.415.3001

# Exhibit A

## Bacigalupo, Franco D.

| | |
|---|---|
| **From:** | Patrick K. Elliott <elliottp@employmentandconsumerlaw.com> |
| **Sent:** | Monday, June 3, 2019 2:44 PM |
| **To:** | Bacigalupo, Franco D. |
| **Cc:** | Zelek, Mark E. |
| **Subject:** | Re: Request for an extension to respond to complaint -- Williams v. Ascenda USA Inc. |

[EXTERNAL EMAIL]
No opposition to extension.

Sincerely,

Patrick K. Elliott, Esq.
The Law Office of Patrick K. Elliott, PLLC
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct: (813) 379-3090
Fax: (813) 261-3542


Please consider the environment before printing this email

This electronic mail transmission may contain legally privileged and/or confidential information.  Do not read this if you are not the person(s) named. Any use, distribution, copying, or disclosure by any other person is strictly prohibited.  If you received this transmission in error, please notify the sender by telephone at (813) 379-3090 or send an electronic message to elliottp@employmentandconsumerlaw.com and destroy the original transmission and its attachments without reading or saving in any manner.


**From:** "Bacigalupo, Franco D." <franco.bacigalupo@morganlewis.com>
**Date:** Monday, June 3, 2019 at 2:24 PM
**To:** "Patrick K. Elliott" <elliottp@employmentandconsumerlaw.com>
**Cc:** "Zelek, Mark E." <mark.zelek@morganlewis.com>
**Subject:** Request for an extension to respond to complaint -- Williams v. Ascenda USA Inc.


Good afternoon Patrick,

It was nice speaking with you this afternoon. Following up on our call, this confirms that you do not oppose Ascenda USA Inc.'s request for a twenty day extension, up to and including June 29, 2019, to file a response to the complaint filed by your client, Ms. Brittany Williams in the Sixth Circuit Court for Pinellas County, Florida. Thank you again.

Best,

**Franco D. Bacigalupo**
**Morgan, Lewis & Bockius LLP**
200 South Biscayne Boulevard, Suite 5300 | Miami, FL 33131-2339
Direct: +1.305.415.3304 | Main: +1.305.415.3000 | Fax: +1.305.415.3001
franco.bacigalupo@morganlewis.com | www.morganlewis.com
Assistant: Elias A. Lopez | +1.305.415.3425 | elias.lopez@morganlewis.com

1

# Exhibit B

# LAW OFFICE OF
# PATRICK K. ELLIOTT
## ATTORNEY AT LAW

100 S. ASHLEY DRIVE, SUITE 600 TAMPA, FL 33602 | PHONE: (813) 379-3090 | FAX: (813) 261-3542

June 12, 2019

The Honorable Patricia A. Muscarella
315 Court Street,
Room 410
Clearwater, FL 33756

Re:   Brittany Williams V. Ascenda USA, Inc. d/b/a 24-7 INTOUCH
      Case No. 19-003293-CI

Dear Judge Muscarella:

In connection with the above-referenced matter, please find enclosed Plaintiff's Motion to Withdraw Clerk's Default that was erroneously filed against Ascenda USA, Inc. d/b/a 24-7 INTOUCH ("Defendant"). Although Counsel for Defendant has yet to file a Notice of Appearance or any other such paper, he contacted the undersigned via telephone and asked for a twenty (20) day extension. The undersigned did not oppose the extension and has sent Defendants and their Counsel copies of both motions filed. The undersigned has since spoken with Counsel for Defendant and informed him of the circumstances.

I apologize to this Court for the clerical error and respectfully requests that, should the proposed order meet with your approval, that the proposed order to withdraw the Clerk's Default be granted.

Should you have any questions, please do not hesitate to contact me.  Thank you.

Sincerely,

/s/ Patrick K. Elliott

PKE/dm
Enclosures
Motion to Withdraw Motion for Clerk's Default
Proposed Order Granting Motion

Filing # 90869729 E-Filed 06/10/2019 08:16:20 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY WILLIAMS,

      Plaintiff,

                                        CASE NO.:19-003293-CI

v.

                                        DIVISION:

ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,

      Defendant.

_____/

## PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR CLERK'S DEFAULT AND INCORPORATED MEMORANDUM OF LAW

      Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, hereby moves this Honorable Court to allow Plaintiff to withdraw Plaintiff's Motion for Clerk's Default" that was filed on June 10, 2019 against Defendant, ASCENDA USA, INC. d/b/a 24-7 INTOUCH ("Defendant"). In support of this motion, Plaintiff states as follows:

      1.      On May 10, 2019, Plaintiff initiated this action against Defendant for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title V11"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq*.

      2.      Plaintiff's Answer was due on or about June 9, 2019, and as such, Plaintiff filed her Motion for Clerk's Default on May 10, 2019. However, Counsel for Defendant had previously reached out to Plaintiff's Counsel and asked for a twenty (20) day extension of time to respond to Plaintiff's Complaint.

      3.      Plaintiff's Counsel did not oppose Defendant's request for an extension.

4.      Unfortunately, due to clerical error, Plaintiff's Counsel mistakenly filed the

Motion for Clerk's Default on June 10, 2019.

5.      Plaintiff respectfully requests that this Court allow Plaintiff to withdraw her

Motion for Clerk's Default.

6.      Plaintiff's Counsel will promptly inform Defendant of the Motion for Clerk's

Default that was filed and the Motion to Withdraw the Motion for Clerk's Default that was filed

the same day.

7.      No parties will be prejudiced by the relief sought in Plaintiff's Motion. A copy of

the proposed order is attached as Exhibit "A".

Dated this 10th day of June, 2019.

Respectfully Submitted,


/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**The Law Office of Patrick K. Elliott, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:  (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: dmurray@ employmentandconsumerlaw.com
***Attorney for Plaintiff***

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of June, 2019, the foregoing was electronically filed using the Florida Courts E-Filing Portal system and that a true and accurate copy will be sent via first-class mail and electronic mail to the following non- E-Filing Portal participants.  Furthermore, I certify I will notify Counsel for Defendant of the filings.

> Ascenda USA, Inc. d/b/a 24-7 INTOUCH
> c/o Registered Agent Solutions, Inc., Registered Agent
> 155 Office Plaza Dr.
> Suite A
> Tallahassee, FL 32301

> /s/ Patrick K. Elliott
> **PATRICK K. ELLIOTT**

# EXHIBIT A

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

     **Plaintiff,**

                                 **CASE NO.:19-003293-CI**

**v.**

                                 **DIVISION:**

**ASCENDA USA, INC.**
**D/B/A 24-7 INTOUCH,**

     **Defendant.**

_____/

<u>**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW PLAINTIFF'S**</u>
<u>**MOTION FOR DEFAULT**</u>

     THIS CAUSE is before the Court on Plaintiff's Motion to Withdraw Plaintiff's Motion for Entry of Clerk's Default. Upon consideration, the Court finds that the Motion is due to granted.

     Accordingly, it is hereby

     **ORDERED AND ADJUDGED** that Plaintiff's Motion for Withdrawal of Plaintiff's Motion for Entry of Clerk's Default is granted.

     **DONE AND ORDERED** in Chambers, at Pinellas County, Florida this _____ day of June, 2019.

                           _____

                            **PATRICIA ANN MUSCARELLA**
                            Circuit Judge

Copies furnished to:
All Counsel of Record

# Exhibit C

**Bacigalupo, Franco D.**

| | |
|---|---|
| **From:** | Patrick K. Elliott <elliottp@employmentandconsumerlaw.com> |
| **Sent:** | Wednesday, June 12, 2019 2:47 PM |
| **To:** | Bacigalupo, Franco D. |
| **Subject:** | Fwd: Judicial Automated Workflow System rejected order for case 19-003293-CI |
| **Attachments:** | 6-12-2019-2-02-43-PM-132048361638872175.PDF |

[EXTERNAL EMAIL]

The judge reviewed the file and rejected the proposed order and submitted instructions on how we can vacate the default to which I have enclosed.

Get Outlook for iOS

**From:** jawsadmin@jud6.org

**Sent:** Wednesday, June 12, 2019 2:42 PM

**To:** Patrick K. Elliott; Patrick K. Elliott; Danica Murray; hskidmore@jud6.org

**Subject:** Judicial Automated Workflow System rejected order for case 19-003293-CI

## The following order with the Judicial Automated Workflow System for 19-003293-CI was rejected.

**This is an automated email. Do not reply to this email.**

Should you require technical assistance at any time during this process or if you want to offer feedback regarding your experience with JAWS, please contact the Pinellas County Business Technology Services Operations Center at 727.453.4357 or via email at supportctr@pinellascounty.org. Thank you.

**Case Information**

| | |
|---|---|
| Case Number | 19-003293-CI |
| Case Type | DISCRIMINATION - EMPLOYMENT OR OTHER |
| Case Description | BRITTANY WILLIAMS Vs. ASCENDA USA INC |
| File Description: | **Cover Letter and Plaintiff's Motion to Withdraw Motion for Default** |

1

| Rejection Reason: | **Judge Muscarella has reviewed the court file. Please submit an agreed order vacating the clerk's default.** |

**Associated Parties**

| Name | Patrick Elliott |
| Phone | 8133793090 |
| Email | elliottp@employmentandconsumerlaw.com |

**Rejected by:**

User Name Helen Skidmore

CONFIDENTIALITY: The information in this transaction may be confidential, and is intended for the use of the individual or entity named above. Dissemination, distribution or copying of this communication by anyone other than the intended recipient is strictly prohibited. If you have received this transaction in error, please notify us immediately by phone at 727.453.4357 or via email at supportctr@pinellascounty.org and return the original message to us at the above address via the United States Mail at Administrative Office of the Courts 324 South Ft. Harrison Ave. - Room 102 Clearwater FL 33756.

**Exhibit D**

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

BRITTANY WILLIAMS,

      Plaintiff,

v.

ASCENDA USA, INC., d/b/a
24-7 INTOUCH,

      Defendant.

                         /

Case No.  19-003293-CI

## <u>AGREED ORDER VACATING THE CLERK'S ENTRY OF DEFAULT</u>

      THIS CAUSE is before the Court upon Plaintiff's Motion to Withdraw Motion for Clerk's Default (the "Motion") and Plaintiff's June 12, 2019 Letter to the Court (the "Letter").  Upon consideration of the Motion, Letter, and the file in this matter, it is hereby

      ORDERED AND ADJUDGED that:

      1.      Plaintiff's Motion is GRANTED; and

      2.      The Clerk's Default entered on June 12, 2019, is VACATED.

      DONE AND ORDERED in Chambers in Pinellas County, Florida this ____th day of June, 2019.

                                           _____

                                           HONORABLE PATRICIA A. MUSCARELLA
                                         CIRCUIT COURT JUDGE

Copies furnished to:
Counsel of Record

# Exhibit E

**Bacigalupo, Franco D.**

| | |
|---|---|
| **From:** | Patrick K. Elliott <elliottp@employmentandconsumerlaw.com> |
| **Sent:** | Wednesday, June 12, 2019 5:30 PM |
| **To:** | Bacigalupo, Franco D. |
| **Subject:** | Re: Judicial Automated Workflow System rejected order for case 19-003293-CI |

[EXTERNAL EMAIL]
No objection.

Sincerely,

Patrick K. Elliott, Esq.
The Law Office of Patrick K. Elliott, PLLC
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct: (813) 379-3090
Fax: (813) 261-3542


Please consider the environment before printing this email

This electronic mail transmission may contain legally privileged and/or confidential information.  Do not read this if you are not the person(s) named. Any use, distribution, copying, or disclosure by any other person is strictly prohibited.  If you received this transmission in error, please notify the sender by telephone at (813) 379-3090 or send an electronic message to elliottp@employmentandconsumerlaw.com and destroy the original transmission and its attachments without reading or saving in any manner.


**From:** "Bacigalupo, Franco D." <franco.bacigalupo@morganlewis.com>
**Date:** Wednesday, June 12, 2019 at 5:28 PM
**To:** "Patrick K. Elliott" <elliottp@employmentandconsumerlaw.com>
**Subject:** RE: Judicial Automated Workflow System rejected order for case 19-003293-CI


Hi Patrick,

Attached please find an agreed order vacating the clerk's default. Please confirm that it is okay to submit as an agreed order. Thank you.

Best,

**Franco D. Bacigalupo**
**Morgan, Lewis & Bockius LLP**
200 South Biscayne Boulevard, Suite 5300 | Miami, FL 33131-2339
Direct: +1.305.415.3304 | Main: +1.305.415.3000 | Fax: +1.305.415.3001
franco.bacigalupo@morganlewis.com | www.morganlewis.com
Assistant: Elias A. Lopez | +1.305.415.3425 | elias.lopez@morganlewis.com


**From:** Patrick K. Elliott <elliottp@employmentandconsumerlaw.com>
**Sent:** Wednesday, June 12, 2019 3:27 PM

1

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY WILLIAMS,

      Plaintiff,

v.                                                                         Case No.  19-003293-CI

ASCENDA USA, INC., d/b/a
24-7 INTOUCH,

      Defendant.

                      /

## AGREED ORDER VACATING THE CLERK'S ENTRY OF DEFAULT

THIS CAUSE is before the Court upon Plaintiff's Motion to Withdraw Motion for Clerk's

Default (the "Motion") and Plaintiff's June 12, 2019 Letter to the Court (the "Letter").  Upon

consideration of the Motion, Letter, and the file in this matter, it is hereby

ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion is GRANTED; and

2.      The Clerk's Default entered on June 12, 2019, is VACATED.

DONE AND ORDERED in Chambers in Pinellas County, Florida this ___th day

of June, 2019.

19-003293-CI 6/18/2019 9:58:40 AM

Circuit Judge Patricia A. Muscarella
19-003293-CI 6/18/2019 9:58:40 AM

HONORABLE PATRICIA A. MUSCARELLA
CIRCUIT COURT JUDGE

Copies furnished to:
Counsel of Record