**TAB A**

Case Number: 19-003293-CI

Filing # 89352036 E-Filed 05/10/2019 10:43:46 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY WILLIAMS,

        Plaintiff,

                                 CASE NO.:

v.

                                 DIVISION:

ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,

        Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Request for Production, First Set of Interrogatories, Notice of Taking Corporate Representative Deposition and Designation of Email in this action on defendant:

**ASCENDA USA, INC**
**C/O REGISTERED AGENT SOLUTIONS, INC.**
**155 OFFICE PLAZA DR.**
**SUITE A**
**TALLAHASSEE, FL 32301**

      Each defendant is required to serve written defenses to the complaint or petition on Patrick K. Elliott, plaintiff's attorney, whose address is Law Office of Patrick K. Elliott 100 S. Ashley Drive, Suite 600, Tampa FL 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 10th day of May, 2019.   MAY 13 2019

| | |
|---|---|
| Printed: Patrick K. Elliott | **KEN BURKE** |
| Attorney for Plaintiff | As Clerk of the Court |
| Address: Law Office of Patrick K. Elliott | |
| 100 S. Ashley Drive, Suite 600 | |
| Tampa FL 33602 | By: _Alicia Dietz_ |
| Florida Bar No. : 100970 | As Deputy Clerk |
| | (727) 464-7000 |

_____

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court, 315 Court Street, Clearwater, FL 33756, (727) 464-7000 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired call 711.**

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3

Filing # 89352036 E-Filed 05/10/2019 10:43:46 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Brittany Williams</u>
Plaintiff
vs.
<u>Ascenda USA, INC.</u>
Defendant

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
- ☒   Monetary;
- ☒   Non-monetary declaratory or injunctive relief;
- ☒   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

   <u>6</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐   Yes
- ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒   No
- ☐   Yes – If "yes" list all related cases by name, case number and court:

   <u>None</u>

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒   Yes
- ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Patrick K. Elliott</u>     FL Bar No.: <u>1000970</u>
   Attorney or party                                    (Bar number, if attorney)

   <u>Patrick K. Elliott</u>     <u>05/10/2019</u>
   (Type or print name)                      Date

Filing # 89352036 E-Filed 05/10/2019 10:43:46 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

      **Plaintiff,**

                                **CASE NO.:**

**v.**

                                **DIVISION:**

**ASCENDA USA, INC.**
**D/B/A 24-7 INTOUCH,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, ASCENDA USA, INC. D/B/A 24-7 INTOUCH ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2.     Venue is proper in Pinellas County, because all of the events giving rise to these claims occurred in this County.

## PARTIES

3.     Plaintiff is a resident of Pinellas County, Florida.

4.     Defendant is a foreign business organized under the laws of Colorado and operates a call center in Clearwater, Pinellas County, Florida.

***ELECTRONICALLY FILED 05/10/2019 10:43:42 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

## GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

10.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

11.     Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

12.     Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

13.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

14.     Plaintiff began working for Defendant as a Customer Service Representative on or about September 2017, and she worked in this capacity until February 2018.

15.     Plaintiff is an African American woman.

16.     Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII.

17.     During her tenure with Defendant, Plaintiff satisfactorily performed the duties of her position in a competent manner.

18.     Nevertheless, Defendant subjected Plaintiff to unlawful discrimination because her race and gender and retaliated against her because of her complaints of discrimination.

19.     During her employment, Defendant frequently targeted Plaintiff because of her race and gender and denied Plaintiff the same terms and conditions of employment that were afforded to Defendant's Caucasian employees.

20.     Throughout her employment with Defendant, Plaintiff made several internal complaints about her supervisor's discriminatory treatment. However, Defendant failed to take remedial action.

21.     For example, on or about September 2017, Plaintiff asked her Caucasian supervisor for assistance. Defendant's supervisor refused to consider Plaintiff's request for help and instead gave assistance to a Caucasian male.

22.     Additionally, Plaintiff also observed that Defendant's supervisor refused to take calls from any customer who did not seem or sound white, during her employment.

23.     That same supervisor would frequently touch Plaintiff on her shoulders and upper body and also scream in Plaintiff's face. Plaintiff told Defendant's supervisor that she was uncomfortable with the touching and screaming and asked Defendant's supervisor to stop.

24.     Defendant's supervisor knew that Plaintiff was uncomfortable with the touching and screaming and refused to stop. Additionally, Defendant's supervisor began taking frivolous disciplinary action against Plaintiff because of her complaints.

- 3 -

25.     Plaintiff then informed Defendant of the supervisor's actions, however no remedial action was taken. Instead, Plaintiff was told to stay away from that supervisor, even though she was not in a position to avoid it.

26.     On another occasion, Plaintiff complained to Defendant a third time about the discrimination she was subjected to.

27.     Instead of taking remedial actions, Defendant sent Plaintiff home from work as punishment for her complaints about discrimination.

28.     Finally, on or about December 2017, Plaintiff went to Defendant's Human Resources ("HR") department and complained about the discrimination that Plaintiff, and Defendant's customers and prospective customers, were subjected to on a frequent basis.

29.     Instead of taking remedial actions, Defendant's HR representative took Plaintiff outside and told her that when she was younger, Caucasians would throw rocks at African Americans and to basically disregard the blatant and obvious discrimination Plaintiff was subjected to on a frequent basis.

30.     Shortly thereafter, Defendant subjected Plaintiff to formal written disciplinary action in retaliation for her complaints.

31.     Defendant also took frivolous and pretextual disciplinary action against Plaintiff on at least two (2) other occasions after her complaints of discrimination.

32.     Defendant further retaliated against Plaintiff because of her complaints about discrimination to Defendant's HR representative. After making the complaint, Defendant removed Plaintiff from the day shift and transferred her to the night shift. Plaintiff was originally hired to work the day shift.

- 4 -

33.     Additionally, Defendant had a "wild card" program. Under Defendant's incentive program, if an employee took a call that was considered a "wild call" then that employee would receive a beauty bag.

34.     Plaintiff took a wild call and was entitled to the beauty bag. Defendant refused to give Plaintiff her beauty bag even though Defendant regularly gives these bags to other employees as part of its program.

35.     Plaintiff repeatedly asked Defendant for her earned prize, yet she was given the run around and never received it.

36.     Finally, on or about February 2018, Plaintiff again complained about the discrimination she was subjected to and told Defendant's HR representative. Defendant's HR representative told Plaintiff that she would speak to the supervisor.

37.     Instead, approximately one week later, Defendant retaliated against Plaintiff because of her complaints about racial discrimination by terminating Plaintiff's employment

## COUNT I – TITLE VII VIOLATION
## (DISCRIMINATION)

38.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39.     Plaintiff is a member of a protected class under Title VII.

40.     As a result of Defendant's aforementioned conduct, Plaintiff was subjected to disparate treatment on the basis of her race.

41.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

42.     Defendant's actions were willful and done with malice.

43.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     An injunction restraining continued violation of Title VII by Defendant;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)     Any other compensatory damages, including emotional distress, allowable at law;

(g)     Punitive damages;

(h)     Prejudgment interest on all monetary recovery obtained.

(i)     All costs and attorney's fees incurred in prosecuting these claims; and

(j)     For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

44.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

45.     Plaintiff is a member of a protected class under Title VII.

46.     Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

47.     Defendant retaliated against Plaintiff for engaging in protected activity under the Title VII by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

48.     Defendant's actions were willful and done with malice.

49.     Defendant took material adverse action against Plaintiff.

50.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

(d)     That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e)     Compensation for lost wages, benefits, and other remuneration;

(f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g)     Front pay;

(h)     Any other compensatory damages, including emotional distress, allowable at law;

(i)     Punitive damages;

(j)     Prejudgment interest on all monetary recovery obtained.

(k)    All costs and attorney's fees incurred in prosecuting these claims; and

(l)    For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (DISCRIMINATION)

51.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

52.    Plaintiff is a member of a protected class under the FCRA.

53.    Plaintiff was subjected to disparate treatment on account of her race as a result of Defendant's aforementioned conduct.

54.    Defendant's actions were willful and done with malice.

55.    Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and this Court take jurisdiction over the case;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e)    Any other compensatory damages, including emotional distress, allowable at law;

(f)    Punitive damages;

(g)    Prejudgment interest on all monetary recovery obtained.

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## <u>COUNT IV – FCRA RETALIATION</u>

56.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

57.     Plaintiff is a member of a protected class under the FCRA.

58.     Plaintiff engaged in protected activity under the FCRA by frequently opposing Defendant's aforementioned discriminatory actions against Plaintiff.

59.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

60.     Defendant's actions were willful and done with malice.

61.     Defendant took material adverse action against Plaintiff as Defendant subjected Plaintiff to different terms and conditions of employment and terminated Plaintiff's employment.

62.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

(f)     Front pay;

(g)     Any other compensatory damages, including emotional distress, allowable at law;

(h)     Punitive damages;

(i)     Prejudgment interest on all monetary recovery obtained.

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

### COUNT V –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

63.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

64.     Plaintiff is a member of a protected class of persons under Section 1981.

65.     As a result of its aforementioned conduct, Defendant subjected Plaintiff to disparate treatment solely because of Plaintiff's race.

66.     The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

67.     Defendant's actions were willful and done with malice.

68.     As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

69.     Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)     Compensatory damages, including emotional distress, allowable at law;

(e)     Punitive damages;

(f)     Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT VI — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

70.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

71.     Plaintiff is a member of a protected class of persons under Section 1981.

72.     Plaintiff frequently engaged in protected activity under Section 1981 by opposing Defendant's discriminatory conduct.

73.     Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 when it subjected Plaintiff to different terms and conditions of employment and terminated her employment.

74.     Defendant's actions were willful and done with malice.

75.     Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section

1981.

76.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

77.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

      (a)    A jury trial on all issues so triable;

      (b)    That process issue and that this Court take jurisdiction over the case;

      (c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

      (d)    Compensatory damages, including emotional distress, allowable at law;

      (e)    Punitive damages;

      (f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

      (g)    Prejudgment interest on all monetary recovery obtained;

      (h)    All costs and attorney's fees incurred in prosecuting these claims; and

      (i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of May, 2019.

- 12 -

Respectfully submitted,

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
Email: elliottp@employmentandconsumerlaw.com
Email: murrayd@employmentandconsumerlaw.com
*Attorney for Plaintiff*

Filing # 90125031 E-Filed 05/24/2019 06:51:43 PM

## RETURN OF SERVICE

State of Florida                County of Pinellas                    Circuit Court

Case Number: 19-003293-CI

Plaintiff:
**Brittany Williams**

vs.

Defendant:
**ASCENDA USA. INC. D/B/A 24-7 Intouch**

For:
Patrick Elliott
Law Office Of Patrick K. Elliott
100 S. Ashley Drive Ste 600
Tampa, FL 33602

Received by Claims Confirmation Specialists on the 18th day of May, 2019 at 7:19 am to be served on ASCENDA USA INC.
C/O REGISTERED AGENT SOLUTIONS INC., 115 Office Plaza Drive Suite A, Tallahassee,, FL 32301.

I, Christopher Compton, do hereby affirm that on the **20th day of May, 2019** at **12:30 pm, I:**

SERVED the within named corporation by delivering a true copy of the Summons and Complaint, Plaintiffs First Request
for Production of Documents to Defendant, Plaintiffs Notice of Service of First Set of Interrogatories to Defendant, Plaintiffs
Notice of Taking Corporate Representatives Deposition with the date and hour of service endorsed thereon by me to:
MARYCATE DUNCAN as employee of the Registered Agent (Company) for ASCENDA USA INC. C/O REGISTERED
AGENT SOLUTIONS INC. at 115 Office Plaza Drive Suite A, Tallahassee,, FL 32301 and informed said person of the
contents therein, pursuant to F.S. 48.081

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good
standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the
foregoing documents and that the facts stated in it are true. Notary not required pursuant to FL Statute 92.525 Sec (2).

Christopher Compton
Certified Process Server # 101

**Claims Confirmation Specialists**
309 Jeanal Place
Tampa, FL 33612
(813) 931-8599

Our Job Serial Number: SUL-2019000151

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0n



Filing # 90124443 E-Filed 05/24/2019 06:29:35 PM

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

**BRITTANY WILLIAMS,**

     **Plaintiff,**

                               **CASE NO.:**

**v.**

                               **DIVISION:**

**ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,**

     **Defendant.**

_____/

**NOTICE OF DESIGNATION OF E-MAIL
ADDRESSES FOR SERVICE OF COURT DOCUMENTS**

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), by and through undersigned counsel, files this Notice of Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used for service of all court filings in this action: elliottp@employmentandconsumerlaw.com and murrayd@employmentandconsumerlaw.com.

Dated this 24th day of May, 2019.

                            Respectfully submitted,

                            /s/ Patrick K. Elliott
                            **PATRICK K. ELLIOTT**
                            Florida. Bar Number: 1000970
                            **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
                            100 S. Ashley Drive, Suite 600
                            Tampa, FL 33602
                            Direct Dial: (813) 379-3090
                            Facsimile:  (813) 261-3542
                            E-mail: elliottp@employmentandconsumerlaw.com
                            Email: dmurray@ employmentandconsumerlaw.com
                            *Attorney for Plaintiff*

Filing # 90124942 E-Filed 05/24/2019 06:45:35 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY WILLIAMS,

       Plaintiff,

                                          CASE NO.:

v.

                                          DIVISION:

ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,

       Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF
## FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, BRITTANY WILLIAMS ("Plaintiff"), propounds the following Interrogatories

to Defendant, ASCENDA USA, INC. d/b/a 24-7 INTOUCH ("Defendant"), to be answered in

writing, under oath and in accordance with the Florida Rules of Civil Procedure.

Dated this 10th day of May, 2019.

                                Respectfully submitted,

                                /s/ Patrick K. Elliott
                                **PATRICK K. ELLIOTT**
                                Florida. Bar Number: 1000970
                                **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
                                100 S. Ashley Drive, Suite 600
                                Tampa, FL 33602
                                Direct Dial: (813) 379-3090
                                Facsimile:  (813) 261-3542
                                E-mail: elliottp@employmentandconsumerlaw.com
                                Email: dmurray@ employmentandconsumerlaw.com
                                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**

- 2 -

Filing # 90124942 E-Filed 05/24/2019 06:45:35 PM

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

**BRITTANY WILLIAMS,**

      **Plaintiff,**

v.                                                    **Case No.:**

                                      **Division:**

**ASCENDA USA, INC.**
**D/B/A 24-7 INTOUCH,**

      **Defendant.**

_____/

### PLAINTIFF'S NOTICE OF TAKING
### CORPORATE REPRESENTATIVE DEPOSITION

**PLEASE TAKE NOTICE** that Counsel for Plaintiff, BRITTANY WILLIAMS

("Plaintiff"), will take the deposition of the Corporate Representative(s) of Defendant,

ASCENDA USA, INC. D/B/A 24-7 INTOUCH ("Defendant"), on the date, time, and location

stated below, such deposition to continue from day to day until completed:

| NAME | DATE/TIME | LOCATION |
|---|---|---|
| **CORPORATE REPRESENTATIVE TO BE DESIGNATED BY DEFENDANT** | **[Date]**<br>At [time] a.m. | **[Address]** |

Before a court reporter, notary public, or before a duly assigned representative, who is

not of counsel to the parties or interested in the events of this cause.

Defendant is required to designate one or more corporate representatives or individuals to

testify about information known or reasonably available to Defendant on the following subjects:

1.     The job duties and job description of Plaintiff during any period that Plaintiff was
employed by Defendant.

***ELECTRONICALLY FILED 05/24/2019 06:45:34 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

2. The process used by Defendant to collect documents for production to Plaintiff in response to Plaintiff's Requests for Production of documents, including but not limited to searches and production from Defendant's electronic mail system.

3. Plaintiff's job performance.

4. Plaintiff's dates of employment, job titles, and job duties.

5. Any compliment, award, or commendation given to Plaintiff during her employment with Defendant.

6. Any written or oral reprimand, warning, or caution given to, or concerning Plaintiff, during Plaintiff's employment with Defendant.

7. The factual basis for all defenses raised by Defendant in this matter.

8. Any contention by Defendant that Plaintiff's job performance was unsatisfactory.

9. Defendant's policies and procedures regarding employee discipline.

10. Defendant's policies and procedures regarding retaliation.

11. Defendant's policies and procedures regarding discrimination.

12. Defendant's policies and procedures regarding any identification of employees on the basis of race.

13. The racial composition of Defendant's workforce at the location where Plaintiff worked for years 2014 through 2019.

14. Defendant's compliance with state and federal laws pertaining to the compilation, recording, and preservation of forms prompting an employee's self-identification on the basis of race, including, but not limited to, EEO-1 Survey Forms and similar forms regardless of their origin.

15. All applicable insurance coverage.

16. Confirmation and details relating to any response provided by Defendant to Plaintiff's First Set of Interrogatories.

17. Any documents produced in response to Plaintiff's First Request for Production of Documents.

18. Defendant's records regarding Plaintiff's work performance, including e-mails or telephone messages.

- 2 -

19.   Defendant's rationale for terminating Plaintiff's employment.

20.   The identity of all persons who participated in the decision to terminate Plaintiff's employment, including the input given by each person.

21.   The identity of all persons who fell within the same protected category as Plaintiff under Section 1981 on account of their race, worked at the same facility where Plaintiff was employed between 2014 and the present, and whose employment was terminated by Defendant, including the reasons given for each termination.

22.   Any internal complaints of discrimination made by Plaintiff, or other employees of Defendant who worked at the same location as Plaintiff, during Plaintiff's employment with Defendant, as well as Defendant's response to each internal complaint.

23.   All statements made to Plaintiff by Defendant, when Plaintiff was informed that her employment had been terminated.

24.   Any communications, including e-mails, exchanged between Plaintiff and Defendant in relation to Plaintiff's complaints of discrimination in the workplace.

25.   The identity of all persons who, from 2014 to the present, worked at the same facility where Plaintiff was employed and filed internal or external complaints of discrimination against Defendant.

26.   The training and qualifications of Plaintiff's supervisors, with respect to workplace discrimination and retaliation.

27.   All lawsuits, charges, or complaints brought against Defendant within the past ten years for alleged violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, or the Florida Civil Rights Act of 1992.

Upon oral examination pursuant to the Florida Rules of Civil Procedure, before a court reporter or any other notary public or officer authorized by law to take depositions. Said deposition(s) will be taken for the purposes permitted by the rules governing the conduct of the case.

Dated this 10th day of May 2019.

Respectfully submitted,

/s/ Patrick Elliott
**PATRICK K. ELLIOTT**

- 3 -

Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: dmurray@ employmentandconsumerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.


/s/ Patrick Elliott
**PATRICK K. ELLIOTT**

- 4 -

Filing # 90124942 E-Filed 05/24/2019 06:45:35 PM

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

**BRITTANY WILLIAMS,**

> **Plaintiff,**

v.                                                    **Case No.:**

                                                     **Division:**

**ASCENDA USA, INC.
D/B/A 24-7 INTOUCH,**

> **Defendant.**

_____/

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, BRITTANY WILLIAMS (hereinafter "Plaintiff"), by and through undersigned

counsel and in accordance with the Florida Rules of Civil Procedure, hereby requests that

Defendant, ASCENDA USA, INC. D/B/A 24-7 INTOUCH (hereinafter "Defendant"), diligently

and carefully search for, inquire after, and produce for inspection and copying the documents

identified below, regardless of their origin:

**I. INSTRUCTIONS**

    1.     Defendant shall produce these documents within **forty-five (45) days** after service
of this request.

    2.     In accordance with the Florida Rules of Civil Procedure, Defendant is hereby
instructed to produce documents as they are kept in the ordinary course of business, or to
organize and label documents so that they correspond with the categories in this request. In
addition, all documents are to be produced in full and unexpurgated form. Redacted documents
will not be deemed to comply with this request.

    3.     If any document described in this request was, but no longer is, in Defendant's
possession, custody, or control, please state whether the document:

(a)     is missing or lost;
(b)     has been destroyed;
(c)     has been transferred, voluntarily or involuntarily, to others; or
(d)     has otherwise been disposed of.

In each instance, please explain the circumstances surrounding the document's disposition, identify the person or persons authorizing the disposition, and list the date on which the document was so disposed. Please identify each document by listing the following information: Name and address of the author of the document; the nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.); date on which the document was created; subject matter of the document; present location(s) of the document; custodian (s); and whether the document (or a copy) is still in existence.

4.     If any requested document is believed to be privileged, or for some other reason may not be subject to production, please provide the following information:

(a)     The nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.);
(b)     Its date of creation;
(c)     The name and address of its author; or,
(d)     The identity of each recipient and addressee of the original document;
(e)     The identity of all other persons who received copies of the document;
(f)     The subject matter of the document; and
(g)     The reason(s) for non-production, including all legal grounds.

5.     This request for production is a continuing one. Supplementation of responses to this request shall be made in accordance with the Florida Rules of Civil Procedure.

## II. DEFINITIONS

Whenever used in this request, the following definitions shall apply:

1.     *"Plaintiff"* means BRITTANY WILLIAMS and all of her agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of her, regardless of whether they are authorized to do so.

2.     *"Defendant"* or *"You"* and *"your"* shall mean or refer to ASCENDA USA, INC. D/B/A 24-7 INTOUCH, and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.     If this request is directed to a natural person, then "Defendant" shall refer to the natural person named in the request.

4.     The term *"document"* is used in the broadest sense that the Florida Rules of Civil Procedure permit. Specifically, *"document"* includes, but is not limited to, all writings of any nature or type whatsoever, whether they contain written or graphic material, which are within the

- 2 -

possession, custody, or control of the Defendant, or of any agent, employee, or representative (including, without limitation, attorneys, advisors, physicians, consultants, and accountants) or other person acting or purporting to act for or on behalf of Defendant, or in concert with them, including, but not limited to: Letters, tape recordings, notes, affidavits, contracts, agreements, communications, correspondence, telegrams, telexes, cables, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, shipping documents, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records, appraisals, records, checks, check stubs, employment materials, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, and advertisements.

The term *"document"* also includes electronically recorded information, such as electronic mail ("email"), html files, databases, data processing tapes and cards, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

*"Documents"* shall also include copies of documents (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies), including non-identical copies, regardless of whether they differ from the original because of any alteration, notes, comments, or other material contained therein or attached thereto, or for another reason.

For the purpose of the foregoing, *"draft"* means any earlier, preliminary, preparatory, or tentative version of all or part of a document, regardless of whether such draft was superseded by a later draft, or the terms of the draft differ from those of the final document. The term *"copies"* means all copies of a document, including those copies that are not identical in every respect to the documents being produced.

The terms *"document"* and *"documents"* also include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.      *"Metadata"* means the data found within documents. It includes all electronically stored information that describes or defines the document that is not generally visible in the ordinary electronic display or printing of the document. Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to,

- 3 -

records of past versions and drafts.

6.      "*Native format*," as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application. For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe Acrobat document has a native format of .pdf.

7.      "*Relating to*" means regarding, supporting, tending to support, refuting, tending to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

8.      "*And/or*" shall be construed conjunctively and disjunctively, so as to demand and elicit the broadest possible response to a particular inquiry.

9.      "*Complaint*" means the original complaint that was filed in this action, as amended through the date of this request.

## III. MANNER OF COMPLIANCE WITH RULES

In accordance with the Florida Rules of Civil Procedure, Plaintiff hereby designates a reasonable time, place, and manner for Defendant to make the requested documents available for inspection:

**Due Date:**   **Forty-five (45) days** after service of this request.

**Place:**   The Law Office of Patrick K. Elliott, PLLC, 100 S. Ashley Drive, Suite 600, Tampa, FL 33602, or any other place that the Parties can mutually agree upon.

**Inspection:**   Originals, drafts, and non-identical copies of all the requested documents shall be produced for inspection by Defendant's counsel at the time and place specified above. In the alternative, Defendant may provide true and accurate copies of all requested items via United States Mail.

- 5 -

## IV. DOCUMENTS TO BE PRODUCED

1.      Please produce all documents identified in your answers to Plaintiff's Interrogatories.

2.      Please produce all documents relied upon as a basis for responding to Plaintiff's Interrogatories.

3.      Please produce any and all documents supporting in any manner whatsoever the defenses and affirmative defenses raised in your Answer to the Complaint.

4.      Please produce all documents which support your denial of any of the allegations in the Complaint.

5.      Please produce any and all documents relating to the terms and conditions of Plaintiff's employment with Defendant, including all company policies, personnel manual(s), employee handbook(s), and any employment agreement entered into by Plaintiff and Defendant.

6.      Please produce Plaintiff's entire personnel file, including any and all documents and writings that were used to determine Plaintiff's qualifications for employment, transfers, salary, raises, pension eligibility, termination, or any other disciplinary action.

7.      Please produce any and all documents that memorialize and/or record Plaintiff's employment and work performance.

8.      With respect to any lawsuit filed against Defendant after 2009 relating to violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, as amended ("Title VII," 42 U.S.C. §2000e *et seq.*), or the Florida Civil Rights Act of 1992, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

9.      Please produce any employment agreements, correspondence, and documents pertaining to any person, corporation, or entity retained by Defendant to act as an expert witness, advisor, or consultant in the above-styled case.

10.     Please produce a list of qualifications and a current resume for each expert witness, advisor, or consultant retained by Defendant in the above-styled case.

11.     Please produce all documents pertaining to any internal complaints of discrimination made by employees of Defendant who worked at the same facility as Plaintiff within the past five years and include Defendant's responses to those internal complaints.

12.     Please produce any and all complaints relating to Plaintiff's work performance, as well as any warning notices issued to Plaintiff by Defendant in response to such complaints.

13.     Please produce any and all documents, letters, and memoranda describing, summarizing, or referring to any conversations between Plaintiff and any past or present employee, officer, or director of Defendant, pertaining either to Plaintiff's job performance or to

any of Plaintiff's allegations in the instant proceeding.

14.     Please produce all documents that reference, in any manner whatsoever, the reasons that Plaintiff's employment was terminated on or around February 2018.

15.     Please produce all personnel files of Plaintiff's supervisors and/or decision makers in this case, including, but not limited to, the entire personnel file for Plaintiff's supervisors and managers.

16.     Please produce any and all employee records containing any form memorializing an employee's self-identification on the basis of his or her race, such as an EEO-1 Survey Form or any other similar form regardless of its origin, compiled, kept, or preserved by Defendant for years 2014 through 2019.

17.     Please produce any and all employee rosters kept by Defendant for the location where Plaintiff worked for years 2014 through 2019.

18.     Please produce any and all internal documents created, kept, or preserved by Defendant for years 2014 through 2019, containing information identifying the race of any employee who worked for Defendant at the same location as Plaintiff.

19.     Please produce any and all job descriptions, specifications, or other documents that describe or otherwise relate to the functions and/or job duties performed by Plaintiff during the course of Plaintiff's employment with Defendant.

20.     Please produce Defendant's code of ethics and related policies that were in force during Plaintiff's employment.

21.     Please produce Defendant's policy and procedures concerning employee discipline that were in force during Plaintiff's employment with Defendant.

22.     Please provide all documents memorializing Defendant's policies on equal opportunity employment, workplace discrimination, dispute resolution, disciplinary action, and employee performance evaluations.

23.     Please produce all text messages, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

24.     Please produce all e-mails, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

25.     Please produce any and all documents submitted to an administrative agency related to Plaintiff's employment with Defendant, including documents submitted to the United States Equal Employment Opportunity Commission.

26.     Please produce Defendant's financial statements, bank statements, and income tax

- 7 -

returns from fiscal year 2016 until the present.

27.    Please produce Defendant's balance statement and income statement for each year beginning with fiscal year 2016 until the present.

28.    Please produce all records which document any efforts made by Defendant to inquire into Plaintiff's background, including but not limited to financial records, criminal history, employment records, and litigation records.

29.    Please produce all applicable insurance policies.

30.    Please produce all documents listing all contacts with Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

31.    Please produce all documents that were generated in connection with any complaint or contact made by an employee to Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

32.    Please produce all records listing contact information for all persons who were considered by Defendant for the position held by Plaintiff after Plaintiff was terminated from employment.

33.    If the employment relationship with the defendant has ended, please produce any COBRA notices that were sent to the plaintiff and/or others entitled to notice under COBRA and a copy of the company's process and procedure for preparation and transmission of COBRA notices.

Dated this 10th day of May, 2019.

Respectfully submitted,

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:  (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: dmurray@ employmentandconsumerlaw.com
***Attorney for Plaintiff***

- 8 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.


/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**